```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
E*TRADE FINANCIAL CORPORATION and        :
E*TRADE SECURITIES LLC,                  :
                                         :
                Plaintiffs,              :
                                         :
        v.                               :    No. 08 CV 2993 (RJH)
                                         :
MARCUS J. HERNANDEZ,                     :
SEAN J. GAFFEY, and                      :
BANC OF AMERICA                          :
INVESTMENT SERVICES, INC.                :
                                         :
                Defendants.              :
------------------------------------------------------------ x
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/08
```

## [~~PROPOSED~~] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION 

Upon consideration of Plaintiffs' Motion for Preliminary Injunction ("Motion") and other submissions in support thereof, as well as upon consideration of the Opposition papers, evidence and argument submitted by Defendants, and having determined that:

1.  Under Rule 13804(a) of the Financial Industry Regulatory Authority ("FINRA") (formerly NASD) Code of Arbitration Procedure for Industry Disputes, Plaintiffs E*TRADE Financial Corporation and E*TRADE Securities LLC (jointly "E*TRADE") have the right to seek preliminary injunctive relief from this Court pending an arbitration hearing before a panel of duly-appointed arbitrators;

2.  The rights of E*TRADE with respect to its property, proprietary and confidential Information, competitive interests, and contracts with Defendants Marcus J. Hernandez ("Hernandez") and Sean J. Gaffey ("Gaffey") (collectively the "Individual Defendants") are being and will continue to be violated by Defendants unless they are restrained therefrom;

3.  E*TRADE will suffer irreparable harm and loss if Defendants are permitted to (a) misuse E*TRADE's confidential and trade secret customer information to Defendants' own use and benefit; and (b) wrongfully solicit and contact E*TRADE clients to do business with Defendants;

4.  E*TRADE has no adequate remedy at law; and

5.  Greater injury will be inflicted upon E*TRADE by the denial of preliminary injunctive relief than would be inflicted upon Defendants by the granting of such relief, and the public interest will be served by the issuance of injunctive relief.

**IT IS ORDERED THAT:**

1.  E*TRADE's Motion is GRANTED.

2.  Effective immediately, the Individual Defendants, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of Defendant Banc of America Investment Services, Inc. ("BOA") are enjoined and restrained from:

    A.  Soliciting the business of any E*TRADE customer whom Defendants Hernandez and Gaffey served, or whose name became known to the Individual Defendants through E*TRADE's records;

    B.  Using, disclosing, or transmitting for any purpose, including the solicitation of business, the information contained in the records of E*TRADE, including but not limited to, the names, addresses, financial information, investment objectives and account information of any E*TRADE customer;

    C.  Destroying, erasing or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the

>   parties, any records or documents (including data or information maintained in computer media) in Defendants' possession or control which were obtained from or contain information derived from any E*TRADE records; and
>
>   D.   Aiding, abetting, or encouraging any other person or entity to do any of the aforementioned acts.

3.   Defendants, and anyone acting in concert or participation with Defendants (including Defendants' counsel and any agent, employee, officer or representative of BOA or any of its subsidiaries or affiliates), are further ordered to return to Plaintiffs' counsel any and all records or information pertaining to E*TRADE clients or business, and/or which were obtained by Hernandez and Gaffey as a result of their employment with E*TRADE (whether in original, copied, handwritten or any other form), and to purge any such information from their possession, custody, or control, within 24 hours of notice to Defendants or their counsel of the terms of the Court's Order; provided, however, that any information in computerized or electronic form (including, but not limited to, computers, BlackBerrys, Treos, Palm Pilots, mobile telephones and any other device in, or on, which data can be electronically stored) shall be provided by Defendants to their counsel within 24 hours of notice to Defendants or their counsel of the terms of the Court's Order, and Defendants' counsel shall preserve the integrity of such devices and data and immediately make any and all such devices and data available for inspection and duplication by Plaintiffs' counsel and/or computer forensic consultants.

4.   Defendants are directed to identify all E*TRADE customers that they have solicited since terminating their employment with E*TRADE, or while in possession of E*TRADE's Confidential Information, or during the course of any wrongdoing set forth herein. 

-3-

5. E*TRADE is directed to post a bond of ~~$1,000~~ $100,000.

6. This Order shall remain in full force and effect ~~until further order of this Court~~ pending a final determination by the arbitral panel on

7. Pursuant to the requirements of the Federal Arbitration Act, 9 U.S.C. §§ 3 & 4, the merits of plaintiffs' the parties are directed to proceed with arbitration before FINRA in accordance with Rule 13804 claims.

of the Code of Arbitration Procedure for Industry Disputes.

IT IS SO ORDERED.

ENTERED this __16__ day of __April__, 2008.

BY THE COURT:

_____
UNITED STATES DISTRICT JUDGE

357787 v2/RE

-4-