**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

E*TRADE FINANCIAL CORPORATION and
E*TRADE SECURITIES LLC,

                              Plaintiffs,

-against-

MARCUS HERNANDEZ,
SEAN J. GAFFEY, and
BANC OF AMERICA INVESTMENT
SERVICES, INC.,

                              Defendants.

Civil Action No. 08 CV 2993 (RJH)

---

## DECLARATION OF PAUL A. SASO

**PAUL A. SASO** declares under penalty of perjury as follows:

      1.    I am an attorney admitted before the courts of the State of New York and associated with the law firm of Gibbons P.C., counsel for defendants Marcus Hernandez and Sean J. Gaffey in this action.  I am fully familiar with the facts and circumstances stated herein and giving rise to this motion and I submit this declaration in support of Defendants' Motion to Vacate the Preliminary Injunction or, in the Alterative, Increase the Injunction Bond in the above-referenced matter.

      2.    Attached as Exhibit "A" is FINRA Code Section 13804(b).  This FINRA provision provides that "[i]f a court issues temporary injunctive relief, an arbitration hearing on the request for permanent injunctive relief will begin within 15 days of the date the court issues the temporary injunctive order."

      3.    Attached as Exhibit "B" is page 39 of the transcript of the preliminary injunction

hearings on April 16, 2008 where Plaintiffs' counsel addressed the FINRA provision relating to a hearing on permanent injunctive relief in cases where a Court has issued interim relief.

4.    On April 17, 2008, Plaintiffs' counsel sent to FINRA the letter attached as Exhibit "C." In his letter, Plaintiffs' counsel refers to "conversations" with FINRA. Neither my office nor my co-counsel, Coss & Momjian, were privy to any of these conversations. The first that we became aware of them was upon receipt of the April 17, 2008 letter from Plaintiffs' counsel.

5.    Attached as Exhibits "D" and "E" are two arbitration rulings referred to in the Individual Defendants' Motion to Vacate the Preliminary Injunction or, In the Alternative, Increase the Bond.

6.    I hereby verify under penalty of perjury that the foregoing statements in this declaration are true and correct to the best of my knowledge, information, and belief. I understand this verification is subject to the penalties of 28 U.S.C. Section 1746 relating to unsworn falsification to authorities.


Dated: New York, New York
       April 21, 2008

                                        _____
                                        Paul A. Saso

#1301454 v1
105839-62783

**EXHIBIT A**

54

are any remaining respondents, the filing fee will be adjusted to correspond to the claims against the remaining respondents.

**(f) Motion to Compel Arbitration**

If a member or a current or former associated person files in court a claim against a member or a current or former associated person that includes matters that are subject to mandatory arbitration, either by the rules of NASD or by private agreement, the defending party may, upon motion, compel arbitration of the claims that are subject to mandatory arbitration.

**13804. Temporary Injunctive Orders; Requests for Permanent Injunctive Relief**

**(a) Temporary Injunctive Orders**

(1) In industry or clearing disputes required to be submitted to arbitration under the Code, parties may seek a temporary injunctive order from a court of competent jurisdiction. Parties to a pending arbitration may seek a temporary injunctive order from a court of competent jurisdiction even if another party has already filed a claim arising from the same dispute in arbitration pursuant to this paragraph, provided that an arbitration hearing on a request for permanent injunctive relief pursuant to paragraph (b) of this rule has not yet begun.

(2) A party seeking a temporary injunctive order from a court with respect to an industry or clearing dispute required to be submitted to arbitration under the Code must, at the same time, file with the Director a statement of claim requesting permanent injunctive and all other relief with respect to the same dispute in the manner specified under the Code. The party seeking temporary injunctive relief must also serve the statement of claim requesting permanent injunctive and all other relief on all other parties in the same manner and at the same time as the statement of claim is filed with the Director.

(3) Filings and service under this rule must be made by facsimile, overnight delivery service or messenger. Service must be made on all parties at the same time and in the same manner, unless the parties agree otherwise. A party obtaining a court-issued temporary injunctive order must notify the Director and the other parties of the issuance of the order within one business day.

**(b) Hearing on Request for Permanent Injunctive Relief**

(1) Scheduling of Hearing

If a court issues a temporary injunctive order, an arbitration hearing on the request for permanent injunctive relief will begin within 15 days of the date the court issues the temporary injunctive order. If the 15th day falls on a Saturday, Sunday, or NASD holiday, the 15-day period shall expire on the next business day. Unless the parties agree otherwise, a hearing lasting more than one day will be held on consecutive days when reasonably possible. The Director will provide to all parties notice of the date, time and place of the hearing at least three days prior to the beginning of the hearing.

**EXHIBIT B**

84g1etrc

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   E*TRADE FINANCIAL CORPORATION,
    et al.,                          .
4
                    Plaintiff,
5
            v.                              08-CV-2993 (RJH)
6
    MARCUS J. HERNANDEZ, et al.,
7
                    Defendants.          Preliminary Injunction
8                                               Hearing
    ------------------------------x
9                                        New York, N.Y.
                                         April 16, 2008
10                                       2:36 p.m.

11  Before:

12                  HON. RICHARD J. HOLWELL,

13                                          District Judge

14                       APPEARANCES

15  COOLEY GODWARD KRONISH LLP
         Attorneys for Plaintiffs
16  BY:  DOUGLAS P. LOBEL, ESQ.
         LAURA GROSSFIELD BIRGER, ESQ.
17
    GIBBONS, P.C.
18       Attorneys for Defendants Hernandez and Gaffey
    BY:  PAUL A. SASO, ESQ.
19
    COSS & MOMJIAN, LLP
20       . Attorneys for Defendants Hernandez and Gaffey
    BY:  THOMAS J. MOMJIAN, ESQ.
21       CHRISTOPHER C. COSS, ESQ.

22  WOLFF & SAMSON, PC
         Attorneys for Defendant Banc of America
23  BY:  JOHN O. LUKANSKI, ESQ.

24

25

84gletrc

1    That's what this statement says.  New York courts have adopted

2    that provision.  And in this case, there's actually some

3    reality to it because E*Trade started out during the dot-com

4    era as a Silicon Valley-based company, they've since moved to

5    New York, and I suspect that that was a vestige of an older

6    contract.

7           THE COURT:  Is the new contract under New York law?

8           MR. LOBEL:  I believe that's correct, and I think that

9    that was just a carryover, and I believe that's what this

10   restatement relates to.  It was a mistake that was in there.

11   It was not intended to neutralize more specific provisions.

12          Your Honor, with respect to the Banc of America

13   argument, clearly they're vicariously liable.  They benefited

14   to the tune of over $50 million.  That seems to be certainly

15   within the scope of their employment of their --

16          THE COURT:  Well, it's a reach to get from

17   solicitation to the $50 million being a result of that

18   solicitation.  Some of it may be a result of the impact on

19   E*Trade of the rumors in the marketplace.

20          MR. LOBEL:  There's no question about that, your

21   Honor.  I'm not suggesting that each one of those -- but that

22   is the number that has moved over to Banc of America.  I think

23   the evidence indicates there has been solicitation -- Let me

24   just point out, by the way, your Honor, this is just the tip of

25   the iceberg.  I mean, one can assume pretty -- I think pretty

84g1etrc

1    assuredly that if we come up with say 13 examples or 11

2    examples, I mean, there's probably hundreds of examples that we

3    don't know about.  So I think we have to look at it from that

4    perspective.

5              Last point, your Honor, on the FINRA rules, the rule

6    is that the Court can enter a preliminary injunction pending an

7    expedited hearing.  The FINRA rules require that that hearing

8    be within 15 business days.  There can be some minor

9    modifications to that, of course, but this will be an expedited

10   proceeding and the Court's order would be limited to

11   preliminary relief that would stay in effect, and it's up to

12   the arbitrators to alter that relief on the permanent

13   injunction, which they would hear, and then also on the

14   damages, which they would also hear.  So we're only asking the

15   Court to maintain the status quo until that hearing occurs.

16   And so whatever harshness Banc of America thinks they

17   sustained, it's only for a very limited period of time until

18   the arbitrators sort it out.

19             Thank you, your Honor.

20             THE COURT:  Thank you, counsel.

21             MR. MOMJIAN:  May I have two seconds, your Honor?

22             THE COURT:  Sure.

23             MR. MOMJIAN:  Your Honor, the evidence with respect to

24   Mr. Hernandez now seems to boil down to this one Exhibit 5, and

25   I just note, your Honor, that that call occurred on

**EXHIBIT C**



GODWARD KRONISH/LLP

Douglas P. Lobel

T: (703) 456-8019
dlobel@cooley.com

April 17, 2008

*VIA FACSIMILE*

Vanier Martin, Case Administrator
FINRA DISPUTE RESOLUTION
One Liberty Plaza
165 Broadway, 27th Floor
New York, New York 10006-1404

Re:   **FINRA Dispute Resolution Arbitration Number 08-00871**
      ***E\*TRADE Securities LLC vs. Marcus J. Hernandez, Joseph S. Reilly,***
      ***Sean J. Gaffey, and Banc of America Investment Services, Inc.***

Dear Ms. Martin:

We represent E\*TRADE Securities LLC ('E\*TRADE') in the above-referenced
arbitration (the "Arbitration"). Yesterday, the U.S. District Court for the Southern District of
New York granted E\*TRADE's motion for a preliminary injunction in aid of arbitration against
Marcus J. Hernandez, Sean J. Gaffey, and Banc of America Investment Securities, Inc., three of
the four respondents in this Arbitration.

Yesterday's Order (which is attached) did not address Mr. Reilly, the fourth respondent
in this Arbitration. A separate U.S. District Court will be ruling on E\*TRADE's motion to
enjoin Mr. Reilly and has scheduled a hearing on E\*TRADE's motion for May 5, 2008.

In our Statement of Claim, we have alleged that all the individual defendants were acting
in concert. To avoid inefficiencies and possible inconsistent results, we do not wish to bifurcate
the Arbitration. Our understanding from conversations with your office is that the 15-day period
for the expedited arbitration will not begin running until the final motion involving Mr. Reilly is
resolved on May 5th.

Thank you for your attention to this matter.

Respectfully yours,

Douglas P. Lobel

cc:   John O. Lukanski, Esq. (via email)
      Tom Momjian, Esq. (via email)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- x

E*TRADE FINANCIAL CORPORATION and       :
E*TRADE SECURITIES LLC,                  :
                                         :
                 Plaintiffs,             :
                                         :
          v.                             :     No. 08 CV 2993 (RJH)
                                         :
MARCUS J. HERNANDEZ,                     :
SEAN J. GAFFEY, and                      :
BANC OF AMERICA                          :
INVESTMENT SERVICES, INC.                :
                                         :
                 Defendants.             :

----------------------------------------------------------- x

## [PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

Upon consideration of Plaintiffs' Motion for Preliminary Injunction ("Motion") and other

submissions in support thereof, as well as upon consideration of the Opposition papers, evidence

and argument submitted by Defendants, and having determined that:

1.     Under Rule 13804(a) of the Financial Industry Regulatory Authority ("FINRA")

(formerly NASD) Code of Arbitration Procedure for Industry Disputes, Plaintiffs E*TRADE

Financial Corporation and E*TRADE Securities LLC (jointly "E*TRADE") have the right to

seek preliminary injunctive relief from this Court pending an arbitration hearing before a panel

of duly-appointed arbitrators;

2.     The rights of E*TRADE with respect to its property, proprietary and confidential

Information, competitive interests, and contracts with Defendants Marcus J. Hernandez

(collectively the "Individual Defendants")

("Hernandez") and Sean J. Gaffey ("Gaffey") are being and will continue to be violated by

Defendants unless they are restrained therefrom;

3.      E*TRADE will suffer irreparable harm and loss if Defendants are permitted to
(a) misuse E*TRADE's confidential and trade secret customer information to Defendants' own
use and benefit; and (b) wrongfully solicit and contact E*TRADE clients to do business with
Defendants;

4.      E*TRADE has no adequate remedy at law; and

5.      Greater injury will be inflicted upon E*TRADE by the denial of preliminary
injunctive relief than would be inflicted upon Defendants by the granting of such relief, and the
public interest will be served by the issuance of injunctive relief.

**IT IS ORDERED THAT:**

1.      E*TRADE's Motion is GRANTED.

2.      Effective immediately, ^(The Individual) Defendants, directly or indirectly, and whether alone or in
concert with others, including any officer, agent, employee and/or representative of Defendant
Banc of America Investment Services, Inc. ("BOA") are enjoined and restrained from:

A.      Soliciting the business of any E*TRADE customer whom Defendants
Hernandez and Gaffey served, or whose name became known to ~~the Individual~~
Defendants through E*TRADE's records;

B.      Using, disclosing, or transmitting for any purpose, including the
solicitation of business, the information contained in the records of
E*TRADE, including but not limited to, the names, addresses, financial
information, investment objectives and account information of any
E*TRADE customer;

C.      Destroying, erasing or otherwise making unavailable for further
proceedings in this matter, or in any arbitration proceeding between the

-2-

       parties, any records or documents (including data or information

maintained in computer media) in Defendants' possession or control

which were obtained from or contain information derived from any

E*TRADE records; and

    D.    Aiding, abetting, or encouraging any other person or entity to do any of

the aforementioned acts.

    3.    Defendants, and anyone acting in concert or participation with Defendants

(including Defendants' counsel and any agent, employee, officer or representative of BOA or

any of its subsidiaries or affiliates), are further ordered to return to Plaintiffs' counsel any and all

records or information pertaining to E*TRADE clients or business, and/or which were obtained

by Hernandez and Gaffey as a result of their employment with E*TRADE (whether in original,

copied, handwritten or any other form), and to purge any such information from their possession,

custody, or control, within 24 hours of notice to Defendants or their counsel of the terms of the

Court's Order; provided, however, that any information in computerized or electronic form

(including, but not limited to, computers, BlackBerrys, Treos, Palm Pilots, mobile telephones

and any other device in, or on, which data can be electronically stored) shall be provided by

Defendants to their counsel within 24 hours of notice to Defendants or their counsel of the terms

of the Court's Order, and Defendants' counsel shall preserve the integrity of such devices and

data and immediately make any and all such devices and data available for inspection and

duplication by Plaintiffs' counsel and/or computer forensic consultants.

    4.    Defendants are directed to identify all E*TRADE customers that they have 

solicited since terminating their employment with E*TRADE, or while in possession of

E*TRADE's Confidential Information, or during the course of any wrongdoing set forth herein.

5.     E*TRADE is directed to post a bond of $~~$1,000~~. $100,000.

6.     This Order shall remain in full force and effect ~~until further order of this Court~~. *pending a final determination by the arbitral panel on the merits of plaintiffs'*

7.     Pursuant to the requirements of the Federal Arbitration Act, 9 U.S.C. §§ 3 & 4, the parties are directed to proceed with arbitration before FINRA in accordance with Rule 13804 *claims.*

of the Code of Arbitration Procedure for Industry Disputes.

     IT IS SO ORDERED.

     ENTERED this __16__ day of __April__, 2008.

           BY THE COURT:

                     _____

                     UNITED STATES DISTRICT JUDGE

357787 v2/RE

-4-

**EXHIBIT D**

# Award
## NASD Dispute Resolution

In the Matter of the Arbitration Between:

Name of the Claimant
Citigroup Global Markets, Inc.
  f/k/a Salomon Smith Barney, Inc.

Case Number: 03-00486

Name of the Respondents
Janney Montgomery Scott LLC
Jan Peter Cummins
Peter Rowan Cummins

Hearing Site: Philadelphia, PA

Nature of the Dispute:  Member vs. Member and Associated Persons.

## REPRESENTATION OF PARTIES

Claimant, Citigroup Global Markets, Inc., f/k/a Salomon Smith Barney, Inc., hereinafter referred to as "Claimant", was represented by Joseph E. Gehring, Esq., Kasowitz, Benson, Torres & Friedman LLP, New York, New York.

Respondents, Janney Montgomery Scott ("Janney"), Jan Peter Cummins ("J. Cummins"), and Peter Rowan Cummins ("P. Cummins"), hereinafter collectively referred to as "Respondents", were represented by Michael R. Greco, Esq., Saul Ewing, LLP, Philadelphia, Pennsylvania.

## CASE INFORMATION

Statement of Claim filed on January 21, 2003.
Amended Statement of Claim filed on February 27, 2003.
A representative of Claimant signed the Uniform Submission Agreement on January 17, 2003.
Claimant filed a Reply to Counterclaims on April 29, 2003.
Statement of Answer and Counterclaim filed by Respondents on April 18, 2003.
None of the Respondents filed executed Uniform Submission Agreements.

## CASE SUMMARY

Claimant asserted the following causes of action, among others: breach of fiduciary duty, misappropriation, tortious interference with business relationships, unlawful and unfair means of competition, negligent supervision, and conversion of property.  The causes of action relate to an employment dispute that arose when Respondent J. Cummins stopped working for Claimant and began working for Respondent Janney.

Unless specifically admitted in their Answer, Respondents denied the allegations made in the Statement of Claim.

NASD Dispute Resolution
Arbitration No. 03-00486
Award  Page 2

Respondent J. Cummins asserted the following causes of action in his counterclaim: appropriation of name or likeness and unfair competition. The causes of action relate to an employment dispute that arose when Respondent J. Cummins stopped working for Claimant and began working for Respondent Janney.

Unless specifically admitted in its Reply to Counterclaims, Claimant denied the allegations made in the Counterclaim.

### RELIEF REQUESTED

Claimant in its Statement of Claim requested:

| | |
|---|---|
| Compensatory Damages | amount unspecified |
| Interest | amount unspecified |
| Attorneys' Fees | amount unspecified |
| Other Costs | amount unspecified |
| Injunctive relief | |

Respondent J. Cummins, in his Counterclaim, requested unspecified nominal damages.

Claimant, in its Reply to Counterclaims, requested that the Counterclaims be dismissed in their entirety and that Claimant be awarded all costs incurred in connection with the Counterclaims, in addition to any other and further relief as the Arbitration Panel (the "Panel") may deem just and proper.

### OTHER ISSUES CONSIDERED AND DECIDED

On or about July 23, 2003, Claimant withdrew its application for a Temporary Restraining Order.

Respondent Janney, J. Cummins and R. Cummins did not file with NASD Dispute Resolution, a properly executed submissions to arbitration but are required to submit to arbitration pursuant to the Code and, having answered the claim, appeared and testified at the hearing, are bound by the determination of the Panel on all issues submitted.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

### AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1.    Claimant's claims are denied in their entirety;

NASD Dispute Resolution
Arbitration No. 03-00486
Award   Page 3

2.    Respondent J. Cummins' claims are denied in their entirety;

3.    The parties shall bear their respective costs, including attorneys' fees, except as Fees are specifically addressed below; and,

4.    Any and all relief not specifically addressed herein is denied in its entirety.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
NASD Dispute Resolution will retain or collect the non-refundable filing fees for each claim:

| | | |
|---|---|---|
| Initial claim filing fee | = $ | 500.00 |
| Counter claim | = $ | 250.00 |

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firms that employed the associated person(s) at the time of the events giving rise to the dispute. Accordingly, Claimant Citigroup and Respondent Janney are parties.

**Member Fees for Claimant:**

| | | |
|---|---|---|
| Member surcharge | = $ | 1,500.00 |
| Pre-hearing process fee | = $ | 750.00 |
| Hearing process fee | = $ | 2,200.00 |
| Total Member Fees | = $ | 4,450.00 |

**Member Fees for Respondent Janney:**

| | | |
|---|---|---|
| Member surcharge | = $ | 1,500.00 |
| Pre-hearing process fee | = $ | 750.00 |
| Hearing process fee | = $ | 2,200.00 |
| Total Member Fees | = $ | 4,450.00 |

### Adjournment Fees
Adjournments granted during these proceedings for which fees were assessed:

| | | |
|---|---|---|
| February 4 – 6, 2004, adjournment by Claimant | = $ | 1,000.00 |

### Injunctive Relief Fees
Injunctive relief fees are assessed to each member or associated person who files for a temporary injunction in court. Parties in these cases are also assessed arbitrator travel expenses and costs when an arbitrator is required to travel outside his or her hearing location and additional arbitrator honoraria for the hearing for permanent injunction. These fees, except the injunctive relief surcharge, are assessed equally against each party unless otherwise directed by the panel.

NASD Dispute Resolution
Arbitration No. 03-00486
Award   Page 4

Member firm Citigroup is assessed:
　　Injunctive relief surcharge　　　　　　　　　　　　= $　2,500.00

Forum Fees and Assessments
The Panel has assessed forum fees for each session conducted.  A session is any meeting between
the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that
lasts four (4) hours or less.  Fees associated with these proceedings are:

One (1) Pre-hearing session with a single arbitrator @ $ 450　　= $　　450.00
Pre-hearing conference:　　　April 26, 2004　　　1 session

One (1) Pre-hearing session with Panel @ $ 1,000　　　　　　= $　1,000.00
Pre-hearing conference:　　　September 8, 2003　　1 session

Four (4) Hearing sessions @ $ 1,000.00　　　　　　　　　　= $　4,000.00
Hearing Dates:　　　　　　April 28, 2004　　　2 sessions
　　　　　　　　　　　　April 29, 2004　　　2 sessions

Total Forum Fees　　　　　　　　　　　　　　　　　　= $　5,450.00

1. The Panel has assessed $ 2,725.00 of the forum fees to Claimant.
2. The Panel has assessed $ 2,725.00 of the forum fees jointly and severally to Respondents.

## FEE SUMMARY

1.  Claimant, Citigroup, is assessed and shall pay the following fees:
　　Initial Filing Fee　　　　　　　　　　　= $　　500.00
　　Member Fees　　　　　　　　　　　　　= $　4,450.00
　　Injunctive Relief Fees　　　　　　　　　= $　2,500.00
　　Adjournment Fee　　　　　　　　　　　= $　1,000.00
　　Forum Fees　　　　　　　　　　　　　= $　2,725.00
　　Total Fees　　　　　　　　　　　　　　= $ 11,175.00
　　Less payments　　　　　　　　　　　　= $　8,450.00
　　Balance Due NASD Dispute Resolution　　= $　2,725.00

2.  Respondent, Janney, is assessed and shall pay the following fees:
　　Member Fees　　　　　　　　　　　　　= $　4,450.00
　　Total Fees　　　　　　　　　　　　　　= $　4,450.00
　　Less payments　　　　　　　　　　　　= $　4,450.00
　　Balance Due NASD Dispute Resolution　　= $　　00.00

　　3.  Respondent, J. Cummins, is assessed and shall pay the following fees:

NASD Dispute Resolution
Arbitration No. 03-00486
Award   Page 5

| | | |
|---|---|---|
| Counterclaim Filing Fee | = $ | 250.00 |
| Total Fees | = $ | 250.00 |
| Less payments | = $ | 250.00 |
| Balance Due NASD Dispute Resolution | = $ | 00.00 |

4. Respondents Janney, J. Cummins, and P. Cummins are jointly and severally assessed and shall pay the following fees:

| | | |
|---|---|---|
| Forum Fees | = $ | 2,725.00 |
| Total Fees | = $ | 2,725.00 |
| Less payments | = $ | 1,000.00 |
| Balance Due NASD Dispute Resolution | = $ | 1,725.00 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

## ARBITRATION PANEL

| | | |
|---|---|---|
| E. William Pastor, Esq. | - | Public Arbitrator, Presiding Chairperson |
| Joseph Straus, Jr. | - | Public Arbitrator, Panelist |
| Michael T. Baranowsky | - | Non-Public Arbitrator, Panelist |

NASD Dispute Resolution
Arbitration No. 03-00486
Award  Page 6
_____

**Concurring Arbitrators' Signatures**

_E. Will Por_
_____
E. William Pastor, Esq.
Public Arbitrator, Presiding Chairperson

_May 18, 2004_
_____
Signature Date

_____
Joseph Strass, Jr.
Public Arbitrator, Panelist

_____
Signature Date

_____
Michael T. Baranowsky
Non-Public Arbitrator, Panelist

_____
Signature Date

_May 21, 2004_
_____
Date of Service  (For NASD Dispute Resolution office use only)

Arbitration No. 03-00486
Award   Page 6


Concurring Arbitrators' Signatures


_____          _____
B. William Pastor, Esq.                     Signature Date
Public Arbitrator, Presiding Chairperson


_Joseph Straus, Jr._                        _5/21/04_
_____          _____
Joseph Straus, Jr.                          Signature Date
Public Arbitrator, Panelist


_____          _____
Michael T. Baranowsky                       Signature Date
Non-Public Arbitrator, Panelist


_May 21, 2004_
_____
Date of Service  (For NASD Dispute Resolution office use only)

NASD Dispute Resolution
Arbitration No. 03-00486
Award   Page 6

### Concurring Arbitrators' Signatures

_____                    _____
K. William Pastor, Esq.                             Signature Date
Public Arbitrator, Presiding Chairperson

_____                    _____
Joseph Straus, Jr.                                  Signature Date
Public Arbitrator, Panelist

_____                    _____
Michael T. Baranowsky                               5/18/04
Michael T. Baranowsky                                   Signature Date
Non-Public Arbitrator, Panelist

_____
May 21, 2004
Date of Service  (For NASD Dispute Resolution office use only)

**EXHIBIT E**



**An in-person or telephonic hearing on a request for Permanent Injunction under Rule 10335 of the *Code of Arbitration Procedure*, was held in the matter of:**

CLAIMANT:  Banc of America Investment Services, Inc.

RESPONDENTS:  Lehman Brothers Inc. and William D. Griffin

CASE #:  04-00303

The hearing was held on  February 2, 2004.  The follow individuals participated in the hearing:

Chairperson:  Robert L. Chisholm
Panelist:  Edward A. Horton
Panelist:  Terry Landry

Claimant's Representative:  T.P. Howell, Esq. of the firm of  Day, Edwards, Propester & Christensen PC, located in Oklahoma City, Oklahoma.
Respondents' Representatives:  Bruce Collins, Esq., Diane Sumoski, Esq., and Jack Johnson, Esq. of the firm of Carrington, Coleman, Sloman & Blumenthal, located in Dallas, Texas.

At the hearing for permanent injunction, the following occurred:

1. The parties accepted the panel's composition.
2. From the testimony presented, the panel decided that from the time Mr. Griffin was presented the Series 7 Code of Conduct to sign to the time he left the company, he had been given the impression that he was working without a non-compete, non-solicitation clause; therefore, the panel's decision is that there was no non-compete, non-solicitation clause in effect.
3. By means of this panel's decision, the Agreed Preliminary Injunction dated January 23, 2004 is void effective February 3, 2004.
4. If necessary, the parties are directed to jointly move the court to modify or dissolve the court order.  The parties shall file this motion within three (3) days from the date of this order.
5. The panel has scheduled additional hearings to resolve damages and other issues as follows:

   The parties shall provide four sets of agreed dates for selection by the panel no later than ten (10) days after receipt of this order.

6. Pursuant to Rule 10335(b)(6), the parties are liable for the increased arbitrator honoraria, arbitrator  travel expenses and forum fees on the hearing for the permanent injunction as follows:  Claimant is liable for 50% and Respondents, jointly and severally, are liable for the remaining 50%.

This order will remain in effect unless amended by the arbitration panel.

Dated:

_Robert L Chisolm_ _(signature)_     2/6/04
_____
Chairperson's Name and Signature

_____
Panelist's Name and Signature

_____
Panelist's Name and Signature

This order will remain in effect unless amended by the arbitration panel.

Dated:

---

Chairperson's Name and Signature

*Edward A. Horton*
Panelist's Name and Signature

*Edward A Horton*     02.06.04

---

Panelist's Name and Signature

This order will remain in effect unless amended by the arbitration panel.

Dated:

_____
Chairperson's Name and Signature

_____
Panelist's Name and Signature

_TERRY  LANDRY_ _~~Terry Landry~~_
Panelist's Name and Signature